23CA1894 Peo v Manchego 12-04-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1894
El Paso County District Court No. 22CR6327
Honorable Jessica L. Curtis, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Anthony Andrew Manchego,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Claire Pakis, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Anthony Andrew Manchego, appeals the district court's restitution order. We affirm.

## I.     Background

¶ 2     Manchego pleaded guilty to second degree assault as part of a three-year deferred judgment and sentence agreement. As part of the written plea agreement and stipulation for deferred judgment and sentence, the parties agreed that (1) Manchego would pay "all restitution within the term of [his] original sentence" and (2) "the People [would] submit the proposed amount [of restitution] within 42 days of sentencing."

¶ 3     On February 27, 2023, the district court accepted the parties' agreement, finding that Manchego's plea was "knowing, intelligent, and voluntary." During the sentencing portion of the hearing, the prosecutor asked the court, pursuant to the agreement, for forty-two days to file the restitution request. The court asked if there was "anything from the Defense . . . ?" Defense counsel responded, "Um, no thank you," and Manchego added, "No, I'm content with the situation, Your Honor." The court entered the deferred judgment and sentence in accordance with the plea agreement. The court also ordered the amount of restitution "to be finalized in the

next 91 days" with "the prosecution to bring forward any requested restitution within 42 days."

¶ 4 Thirty-eight days later, the prosecution filed a motion requesting $13,219.70 in restitution to reimburse the Crime Victims Compensation Board (CVCB) for payments it made on the victim's behalf for his medical expenses. Manchego filed an objection to the restitution amount and requested a hearing.

¶ 5 After two continuances, both of which were requested by Manchego's counsel and granted without objection, the district court held the restitution hearing. During the hearing, conflicting evidence was presented concerning the CVCB records and the amount of restitution sought by the victim. Based on this discrepancy, the court granted defense counsel's renewed request for an in camera review of the records and found good cause to extend the deadline for its determination of the amount of restitution to be ordered.

¶ 6 As now relevant, the redacted CVCB records that were released following the in camera review showed that all of the victim's medical treatments occurred on the date of the offense, and the victim had submitted all of his documents for reimbursement to

the CVCB about two months before Manchego pleaded guilty and was sentenced. Upon receipt of these documents, Manchego maintained his objection to the restitution amount. However, the district court found that the prosecution had satisfied its burden to prove restitution and ordered the full amount of restitution requested, $13,219.70.

## II. Discussion

¶ 7    Manchego contends that the district court lacked the authority to impose restitution because the prosecution failed to present its restitution information before the entry of the order of conviction despite such information being available before the sentencing hearing.

¶ 8    Based on the supreme court's recent decision in *Johnson v. People*, 2025 CO 29, we conclude that Manchego waived his right to appellate review of this issue by his actions in the district court. Accordingly, we won't consider the merits of his contention. *See People v. Rediger*, 2018 CO 32, ¶ 40 ("[W]aiver extinguishes error, and therefore appellate review.").

## A. Standard of Review

¶ 9 We review de novo whether a claim is waived. *Richardson v. People*, 2020 CO 46, ¶ 21.

## B. Manchego Waived His Statutory Right

¶ 10 Every order of conviction "must include consideration of restitution." § 18-1.3-603(1), C.R.S. 2025. To determine restitution, the district court "shall base its order for restitution upon information presented to the court by the prosecuting attorney." § 18-1.3-603(2)(a). Under the law applicable at the time of the district court proceedings in this case, the prosecuting attorney was required to "present this information to the court prior to the order of conviction or within ninety-one days, if it [was] not available prior to the order of conviction." § 18-1.3-603(2)(a), C.R.S. 2023.[1]

¶ 11 In *People v. Johnson*, the supreme court interpreted the statute at issue and held that the right provided for in section 18-1.3-603(2)(a) — to have restitution determined at sentencing if the

---

[1] Effective May 30, 2025, section 18-1.3-603(2)(a), C.R.S. 2025, requires the prosecution to submit restitution information to the court before the order of conviction or, if the information isn't available then, within sixty-three days.

amount of restitution is available to the prosecution before that time — is a statutory right that can be waived. *Johnson,* ¶¶ 25, 27. The waiver of a statutory right must be voluntary, but it doesn't need to be knowing or intelligent. *Id.* at ¶ 26. Waiver may be demonstrated through explicit words or actions, or it may be implied. *Id.* A waiver may be implied "when a party engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion." *Forgette v. People*, 2023 CO 4, ¶ 28. Moreover, when the right at issue is statutory, the actions of counsel are relevant because "[c]ounsel may waive a defendant's statutory rights." *Finney v. People*, 2014 CO 38, ¶ 16; *Johnson,* ¶ 26.

¶ 12    In *Johnson,* the supreme court found a voluntary waiver of a subsection (2)(a) claim when (1) the defendant signed a plea agreement and stipulation for deferred judgment and sentence, agreeing both to pay restitution and permit the prosecution to provide restitution information to the district court after the sentencing hearing; (2) the defendant told the court that he understood and agreed to the terms of the agreement; and (3) the court found that the defendant had entered his plea knowingly,

5

intelligently, and voluntarily, and it was not the product of undue influence or coercion. *Johnson*, ¶¶ 28-30.

¶ 13    Factually, Manchego's case is not meaningfully distinguishable from *Johnson*, as Manchego concedes. Like Johnson, Manchego signed a plea agreement in which he agreed to pay "all restitution within the term of [his] original sentence." *See Johnson*, ¶ 28. He also signed a Stipulation for Deferred Judgment and Sentence, agreeing to let the prosecution have additional time to provide restitution information to the district court — forty-two additional days. *See id.* During the combined providency and sentencing hearing, Manchego told the court that he understood and agreed to the terms of the plea and deferred judgment agreements. *See id.* at ¶ 29. And the court found that Manchego's plea was "knowing, intelligent, and voluntary." *See id.* For these reasons, we conclude that Manchego voluntarily waived his statutory claim under section 18-1.3-603(2)(a) that the prosecution should have provided restitution information that was available to it before the entry of the order of conviction. He waived his claim explicitly in the terms of his plea agreement and stipulation for deferred judgment and sentence, and also implicitly by assenting to

6

the court's order at the combined providency and sentencing hearing.

¶ 14     As noted, Manchego doesn't argue that *Johnson* is distinguishable; instead, he contends that it was incorrectly decided because these facts support forfeiture, and not waiver. But as Manchego correctly concedes, we are bound by *Johnson*. *See People v. Harmon*, 2019 COA 156, ¶ 3 n.1 (the Colorado Court of Appeals is bound by the holdings of the Colorado Supreme Court).

¶ 15     Accordingly, because Manchego voluntarily waived his section 18-1.3-603(2)(a) claim, we affirm the district court's restitution order.

## III.   Disposition

¶ 16     The restitution order is affirmed.

JUDGE GROVE and JUDGE SCHUTZ concur.